1  Audra L. Thompson (SBN 218479)
   DUANE MORRIS LLP
2  865 S. Figueroa St., Suite 3100
   Los Angeles, CA 90017-5450
3  Telephone: (213) 689-7400
   Facsimile: (213) 689-7401
4  E-mail:  AThompson@duanemorris.com

5  Gregory P. Gulia *(prospective pro hac vice)*
   Vanessa C. Hew  *(prospective pro hac vice)*
6  DUANE MORRIS LLP
   1540 Broadway
7  New York, New York 10036-4086
   Telephone: (212) 692-1000
8  Facsimile: (212) 692-1020
   E-mail:  GPGulia@duanemorris.com
9           VCHew@duanemorris.com

10 Attorneys for Plaintiff
   Conopco, Inc. d/b/a Unilever

11

12            **UNITED STATES DISTRICT COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

14

15 CONOPCO, INC. d/b/a UNILEVER      **CV12-10591 PJW**
                                     Case No.:
16            Plaintiff,

17        v.                         **COMPLAINT AND JURY
                                     DEMAND**
18 P.E. RUBALOFF CO., INC., KAREN
   RUBALOFF and PHILLIP RUBALOFF
19
              Defendants.
20

21

22      Plaintiff, Unilever, Inc. d/b/a Unilever, by its undersigned attorneys, Duane

23 Morris LLP, for its Complaint alleges as follows:

24                    SUBSTANCE OF THE ACTION

25      1.     This is an action for trademark counterfeiting, trademark infringement,

26 trademark dilution and unfair competition with respect to Plaintiff's federally

27 registered and famous DOVE® trademark.  Plaintiff brings this action based on

28 Defendants' unauthorized importation, distribution, offering for sale and/or selling of

   _____
                  COMPLAINT AND JURY DEMAND

1   products bearing the DOVE® trademarks, which are not intended for sale in the

2   United States and are materially different from the authentic goods that are authorized

3   by Plaintiff for sale in the United States market (hereinafter "Unilever Gray Goods")

4   and that violate Plaintiff's longstanding and extensive rights in the use of its famous

5   DOVE® trademarks (collectively, the "DOVE® Mark") in connection with beauty,

6   skin care and other personal care products.  This is an action for federal trademark

7   counterfeiting, federal trademark infringement, trademark dilution and unfair

8   competition under Sections 32(1), 43(c) and 43(a) of the Trademark Act of 1946 (the

9   "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(c) and 1125(a), and for substantial and

10  related claims of unfair competition and dilution under the state and common laws of

11  the State of California.

12                          JURISDICTION AND VENUE

13          2.     This Court has jurisdiction under Section 39 of the Lanham Act, 15

14  U.S.C. §§ 1121, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and §

15  1338(b), and under principles of supplemental jurisdiction.  Venue properly lies in this

16  District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and

17  § 1391(c), because Defendants P.E. Rubaloff Co., Inc. a/k/a Soap Man ("P.E.

18  Rubaloff"), Karen Rubaloff and Phillip Rubaloff do business in and/or have

19  substantial contacts with and/or may be found in the Central District of California, and

20  a substantial portion of the events at issue have arisen and/or will arise in this judicial

21  district.  (Defendants P.E. Rubaloff, Karen Rubaloff and Phillip Rubaloff are

22  hereinafter referred to collectively as "Defendants.")

23          3.     Upon information and belief, Defendants market, distribute, supply and

24  sell Unauthorized Products (as defined hereinafter) through third-party distributors

25  and retailers, throughout the United States, including but not limited to, in the state of

26  California.

27          4.     Defendants should reasonably expect their infringing activities to have

28  consequences in the state of California, and derive substantial revenue from interstate

commerce.  In addition, Defendants are all residents of the State of California and operate their business and import, distribute and sell the products at issue in this litigation in the State of California.  Defendants may reasonably anticipate being brought into a California court.

5.     This Court has personal jurisdiction over Defendants because, upon information and belief, they reside and operate their business in the State of California and purposefully availed themselves of the laws of California by actively controlling and/or directing, in whole or in part, the infringing activities and operations complained of herein.

6.     Upon information and belief, Defendants Karen Rubaloff and Phillip Rubaloff are the active and conscious force in the company P.E. Rubaloff Co., Inc., which distributes infringing products throughout the United States, including in the state of California, Nevada and Arizona.  Furthermore, Defendants Karen Rubaloff and Phillip Rubaloff benefit from and control the infringing activity.

7.     Defendants Karen Rubaloff and Phillip Rubaloff have availed themselves of the benefits of doing business in California, such that Defendants Karen Rubaloff and Phillip Rubaloff may reasonably anticipate being brought into a California court.

8.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## PARTIES

9.     Plaintiff, Conopco, Inc. d/b/a Unilever ("Unilever") is a corporation duly organized and existing under the laws of New York with offices at 800 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  Unilever is the owner of numerous federal trademark registrations for the DOVE® Mark for retail skin care and other beauty care products including a full line of facial cleansers, moisturizers, cleansing cloths, toilet bars, body washes, lotions, hair shampoos, conditioners and styling aids, as well as deodorants and antiperspirants.

10.     Upon information and belief, Defendant P.E. Rubaloff Co., Inc. d/b/a Soap Man ("P.E. Rubaloff Co."), is a corporation duly organized and existing under the laws of California, having its principal place of business at 11 Saddle Road, Rancho Palos Verdes, CA 90275.

11.     Upon information and belief, Defendant Karen Rubaloff is the co-owner of P.E. Rubaloff Co. and controls and/or directs, in whole or in part, the activities and operations of P.E. Rubaloff Co., including those activities and operations complained of herein.  Upon information and belief, Defendant Karen Rubaloff maintains a residential address at 11 Saddle Road, Rancho Palos Verdes, CA 90275.  Upon information and belief, Ms. Rubaloff also operates P.E. Rubaloff Co. from this address.

12.     Upon information and belief, Defendant Phillip Rubaloff is the co-owner and registered agent of P.E. Rubaloff Co. and controls and/or directs, in whole or in part, the activities and operations of P.E. Rubaloff Co., including those activities and operations complained of herein.  Upon information and belief, Defendant Phillip Rubaloff maintains a residential address at 11 Saddle Road, Rancho Palos Verdes, CA 90275.  Upon information and belief, Mr. Rubaloff also operates P.E. Rubaloff Co. from this address.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Activities**

13.     Plaintiff is the leading manufacturer, distributor and seller of beauty, skin care and personal care products such as facial cleansers, moisturizers, cleansing cloths, toilet bars, body washes, lotions, shampoos, conditioners, hair styling aids, deodorants and antiperspirants.  Plaintiff distributes and sells its beauty, skin care and personal care products under the famous DOVE® brand through a variety of trade channels including drugstores, superstores, supermarkets and online retailers such as Amazon.com and Drugstore.com.

DM2\3743364.4

14.    Plaintiff and its predecessors have sold beauty, skin care and personal care products under the DOVE® Mark continuously in interstate commerce since at least as early as 1945.  The famous DOVE® Mark has appeared on product packaging and promotional and advertising materials, and other materials.

15.    Plaintiff is the owner of the following federal trademark registrations on the Principal Register of the United States Patent and Trademark Office for the DOVE® Mark for a vast and diverse assortment of skin and other beauty care products, nine of which are incontestable by operation of law:

| Mark | Registration Number | Registration Date | Goods and Services |
|---|---|---|---|
| DOVE & Design | 1,698,261 | June 30, 1992 | beauty wash; namely, liquid soaps |
| DOVE | 1,699,679 | July 7, 1992 | beauty wash; namely, liquid soaps |
| DOVE | 2,052,770 | April 15, 1997 | toilet bar soap |
| DOVE | 2,413,151 | December 12, 2000 | deodorant and antiperspirant |
| DOVE & Design | 2,517,212 | December 11, 2001 | beauty bar soap |
| DOVE | 2,534,236 | January 29, 2002 | beauty bar soap |

| Mark | Registration Number | Registration Date | Goods and Services |
|---|---|---|---|
| *Dove* DOVE & Design | 2,570,018 | May 14, 2002 | non-medicated towelettes impregnated with skin cleansers |
| DOVE | 2,610,422 | August 20, 2002 | pre-moistened non-medicated cosmetic towelettes for all over body freshening |
| DOVE | 2,764,807 | September 16, 2003 | non-medicated towelettes impregnated with skin cleansers |
| DOVE | 2,803,161 | January 6, 2004 | facial skin moisturizers, [facial skin toner,] facial cleansers and non-medicated cleansing pads impregnated with skin cleansers |
| *Dove* DOVE & Design | 2,817,975 | February 24, 2004 | non-medicated disposable cloths impregnated with cleansers for body cleansing |

DM2\3743364.4

| Mark | Registration Number | Registration Date | Goods and Services |
|------|---------------------|-------------------|--------------------|
| DOVE | 3,052,892 | January 31, 2006 | hair care products namely, hair spray, hair gel, styling cream, anti-frizz cream and mousse |

As mentioned above, these registrations are incontestable and serve as conclusive evidence of Plaintiff's exclusive right to use the marks on the goods cited therein. Copies of the Certificates of Registration are attached hereto as Exhibit 1 and are incorporated herein by reference.

16.     As a result of Plaintiff's marketing and promotional efforts, Plaintiff's DOVE® brand products are currently available and sold to consumers throughout this District, this State and the United States. The DOVE® brand products are also currently available and sold to consumers in many other countries throughout the world by Plaintiff and its affiliated companies.

17.     Over the years, the volume of sales of goods under the DOVE® Mark has been enormous. Plaintiff's DOVE® brand beauty, skin care and personal care products are always among the largest selling brands for these products in the United States. In recent years, sales of DOVE® brand beauty, skin care and personal care products have generated millions of dollars in revenue.

18.     Plaintiff continuously and extensively advertises and promotes its DOVE® skin and beauty care products in practically all media in the U.S. including television, print, radio and Internet.

19.     Plaintiff maintains a website at the domain name address www.dove.us to advertise and promote its DOVE® brand products and provide product information. Print-outs from Plaintiff's web site located at www.dove.us, featuring the DOVE®

brand beauty, skin care and personal care products are attached hereto as Exhibit 2 and are incorporated herein by reference.

20.     As a result of this time and effort, extensive promotion and advertising, and substantial sums spent developing and marketing Plaintiff's DOVE® brand products, the DOVE® Mark has acquired and maintained an outstanding celebrity and fame symbolizing the substantial and material good will that Plaintiff has created for the DOVE® Mark throughout the United States.

21.     Because of the extensive promotion and use of Plaintiff's DOVE® Mark, Plaintiff's DOVE® Mark has acquired enormous value and secondary meaning. Plaintiff's DOVE® Mark has become extremely well-known to the consuming public and trade as identifying and distinguishing Plaintiff's DOVE® brand beauty, skin care and personal care products from those of its competitors.

22.     Plaintiff has invested significant amounts of time and effort and considerable financial resources over the years to maintain the highly regarded image of its DOVE® beauty care products and control the quality of its goods.  As a result of these activities, Plaintiff enjoys a reputation as a manufacturer and distributor of the highest quality goods so that when consumers see the DOVE® Mark, they recognize that the beauty care products sold under the DOVE® Mark will be of the highest quality.  As a result of these efforts, sales of Plaintiff's beauty care products sold under the DOVE® Mark have been enormous and the DOVE® Mark is exceedingly famous and symbolizes and represents an enormous amount of goodwill of Unilever.

**B.     Defendants' Violation of Plaintiff's Intellectual Property and Unfair Competition**

23.     Upon information and belief, Defendants are wholesale retailers of cleaning products, including but not limited to, bar soap, cleaning aids such as sponges, pot and pan cleaners, bath care items and dish towels.

24.     Defendants import, distribute, offer for sale and/or sell unauthorized gray market beauty care products bearing the DOVE® trademarks, such as DOVE®

---

COMPLAINT AND JURY DEMAND

DM2\3743364.4

Beauty Cream Bars and DOVE® Pink Beauty Cream Bars, which are not intended for sale in the United States (hereinafter, collectively the "Unauthorized Products") and which violate Plaintiff's longstanding and exclusive intellectual property rights in the use of its famous DOVE® Mark in connection with beauty, skin care and other personal care products, such as the DOVE® Beauty Bar, in the United States.

25.   The Unauthorized Products sold by Defendants are products produced and sold by a Unilever company outside of the United States. The Unauthorized Products are not authorized for distribution or sale in the United States and the products are materially different from genuine DOVE® brand products sold by Unilever in the United States.

26.   Upon information and belief, most of the Unauthorized Products are manufactured in foreign countries.

27.   Upon information and belief, most of the Unauthorized Products target non-American customers through tropical formulations and higher perfume concentration.

28.   Upon information and belief, the Unauthorized Products materially differ from those DOVE® brand products authorized by Unilever to be sold in the United States in, inter alia, one or more of the following ways: (1)  packaging for the Unauthorized Products fails to comply with the Food and Drug Administration's labeling requirements; (2) Defendants' packaging for the Unauthorized Products displays Defendants' universal product code ("UPC") labels and conceals Plaintiffs' UPC codes printed on the packs; (3) Defendants' packaging for the Unauthorized Products displays a label identifying the products as "DOVE BAR SOAP" and as a "Product of Germany"; (4) the Unauthorized Products are improperly repackaged and relabeled for sale in multi-packs that Unilever does not offer for sale in the United States; and (5) packaging for the Unauthorized Products displays languages other than English.

DM2\3743364.4

29.     More specifically, the product packaging of the Unauthorized Products mislabels the Unauthorized Products as "DOVE BAR SOAP," which is inappropriate and misleading since DOVE® Beauty Bars and DOVE® Cream Bars are not considered soap products under the Food and Drug Administration's guidelines and do not meet the standard for such products in the United States.

30.     Moreover, the Unauthorized Products' labels neither display the "1-800" customer service telephone number used to provide purchasers of U.S. DOVE® brand products with a means to contact Unilever regarding the event that a problem arises with a product, nor the State and ZIP code of a manufacturer or distributor of the Unauthorized Products in the United States. Because of these deficiencies, consumers will not be able to readily contact Unilever if question or problem arises concerning Unauthorized Products.

31.     Furthermore, the Unauthorized Products do not display any repackaging notice stating that the trademarked product has been repackaged, that the re-packager is wholly separate and distinct from the original manufacturer; and providing consumers with the name of the re-packager.

32.     Upon information and belief, the sale of the Unauthorized Products is at a lower price point than the DOVE® Products intended for sale in the United States Market.

33.     Upon information and belief, Defendants have acquired and acquire the Unauthorized Products in bulk.

34.     Upon information and belief, the Unauthorized Products are Defendants' best sellers.

35.     Upon information and belief, Defendants market, distribute and sell the Infringing Unauthorized Products through third-party distributors and retailers, including but not limited to, grocery stores and supermarket chains in the United States market.

DM2\3743364.4

36.     Defendants have adopted, commenced use of and are using and planning to market, promote, advertise and sell the Unauthorized Products with the intent and purpose of trading on the extensive good will built up by Plaintiff in its federally registered and exclusive DOVE® Mark by selling the Unauthorized Products for a fraction of the price charged by Unilever for its genuine DOVE® products which are authorized for sale in the United States.  Defendants' acts are designed and intended to unfairly compete with Plaintiff and to reap the benefits of years of effort and investment by Plaintiff to create public recognition of the Plaintiff's DOVE® Mark and the products sold in connection therewith.

37.     Despite having knowledge of Plaintiff's exclusive rights to the DOVE® Mark in connection with beauty, skin care and personal care products, Defendants encroached upon Plaintiff's exclusive rights in the DOVE® Mark for beauty, skin care and personal care products and willfully violated Plaintiff's intellectual property rights through the importation, distribution, offering for sale and/or sale of the Unauthorized Products.

38.     Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

39.     Defendants' acts of imitation have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

40.     The willfulness of Defendants' conduct is evidenced by Defendants' failure to cease their infringing conduct despite being put on notice of  Plaintiff's trademark rights.

41.     Prior to the filing of this Complaint, Plaintiff's counsel sent a letter to Defendants advising them of Plaintiff's rights and demanding that Defendants immediately cease their illegal activities.

42.     To date, Defendants have explicitly refused to comply with the letter from Plaintiff's counsel, and, upon information and belief, have not ceased their illegal activities.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. §1114(1))

43.     Plaintiff re-alleges paragraphs 1 through 42 above and incorporates them by reference as if fully set forth herein.

44.     Defendants have used and continue to use the DOVE® Mark with the intent and purpose of trading on the extensive goodwill built up by Plaintiff and its predecessors and their licensees in the DOVE® Mark, and to reap the benefits of years of effort and investment by Plaintiff and its predecessors and their licensees to create public recognition of their marks, all with reckless indifference to Plaintiff's rights in the DOVE® Mark.

45.     Defendants' use of the DOVE® Mark constitutes use of a counterfeit trademark.

46.     Defendants' aforesaid acts further constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) because Defendants are marketing, distributing and/or selling unauthorized soap and beauty care products bearing the name DOVE in the United States.

47.     Upon information and belief, Defendants are selling gray market products not intended by Plaintiff for sale in the United States which are materially different from DOVE® products authorized for sale in the United States by Plaintiff.

48.     Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

49.     Plaintiff re-alleges paragraphs 1 through 48 above and incorporates them by reference as if fully set forth herein.

50.     Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's registered DOVE® Mark infringes Plaintiff's exclusive rights in the federally registered DOVE® Mark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

51.     Upon information and belief, Defendants are selling gray market products not intended by Plaintiff for sale in the United States which are materially different from DOVE® brand products authorized for sale in the United States by Plaintiff.

52.     Upon information and belief, Defendants have affixed to the packaging for the Unauthorized Products labels that display Defendants' UPC codes.  These UPC labels partially obscure Unilever's DOVE® Mark on the packaging of the products.  In addition, Defendants' UPC labels completely obscure Plaintiffs' UPCs on the packs.  Alteration of UPC codes in and of itself constitutes trademark infringement.

53.     Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## FEDERAL TRADEMARK DILUTION (15 U.S.C. §1125(C)(1))

54.     Plaintiff re-alleges paragraphs 1 through 53 above and incorporates them by reference as if fully set forth herein.

DM2\3743364.4

55.     The DOVE® Mark is highly distinctive and has become famous and is uniquely associated with Plaintiff.

56.     Upon information and belief, Defendants imported, marketed, distributed and sold the Unauthorized Products, which are materially different from Plaintiff's authentic DOVE® brand products intended for sale in the United States in disregard of the United States Food and Drug Administration's labeling requirements.

57.     Packaging for the Unauthorized Products fails to comply with the Food and Drug Administration's labeling requirements in, inter alia, mislabeling the products at issue as "DOVE  BAR SOAP,"  whereas such is both inappropriate and misleading since DOVE® Beauty Bars and DOVE® Cream Bars are not considered soap products under the Food and Drug Administration's guidelines and do not meet the standard for such products in the United States.

58.     Packaging for the Unauthorized Products fails to provide customers with the State and ZIP code of a manufacturer or distributor of the Unauthorized Products in the United States and with the "1-800" customer service telephone number displayed on DOVE® brand products intended for sale in the United States so that customers can contact Unilever in the event that a problem or question arises concerning a DOVE® product.

59.     Defendants' above-described actions occurred long after the DOVE® Mark acquired fame, and have diluted, will continue to dilute, and/or are likely to dilute, unless restrained, the distinctive quality of the famous DOVE® Mark by destroying the exclusive association between those marks and Plaintiff's goods, and/or otherwise lessening the capacity of  those marks to identify Plaintiff and its goods exclusively.

60.     Upon information and belief, Defendants' activities, which have been neither sponsored, licensed, nor approved by Plaintiff, have tarnished, will continue to tarnish, and/or are likely to tarnish, unless restrained, the DOVE® Mark by undermining and damaging the goodwill and reputation associated therewith.

DM2\3743364.4

61.     Defendants' aforesaid actions are intentional and in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Plaintiff irreparable damage and will, unless restrained, continue to so damage Plaintiff. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## STATE STATUTORY UNFAIR COMPETITION
## (CAL. BUS. & PROF. CODE § 17200)

62.     Plaintiff re-alleges paragraphs 1 through 61 above and incorporates them by reference as if fully set forth herein.

63.     Upon information and belief, Defendants were or should have been aware of Plaintiff's prior rights in the registered DOVE® Mark, and Defendants imported, marketed, distributed and sold the Unauthorized Products, which are materially different from Plaintiff's authentic DOVE® brand products intended for sale in the United States in disregard of Plaintiff's prior rights and reputation.

64.     Upon information and belief, Defendants have engaged in unlawful practices, unfair methods of competition, and unconscionable, deceptive and unfair trade practices and/or advertising in violation of the California Unfair Competition Act, Cal. Bus. & Prof. Code §17200 et seq.

65.     Upon information and belief, Defendants have engaged in fraudulent business acts and/or practices which are likely to have deceived consumers and will continue to deceive consumers unless restrained.

66.     Defendants' activities have resulted in the trading upon and misappropriation of Plaintiff's goodwill and business reputation at Plaintiff's expense and at no expense to Defendants.  The effect of Defendants' misappropriation of the goodwill symbolized by the DOVE® Mark is to unjustly enrich Defendants, damage Plaintiff and confuse and/or deceive the public.

---

DM2\3743364.4

67.     Defendants' conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## STATE STATUTORY DILUTION
## (CAL. BUS. & PROF. CODE § 14247)

68.     Plaintiff re-alleges paragraphs 1 through 67 above and incorporates them by reference as if fully set forth herein.

69.     Defendants' incorporation and/or use of a copy, variation, simulation or colorable imitation of the famous and distinctive DOVE® Mark has caused and/or is likely to cause dilution of the distinctive quality of the DOVE® Mark and is likely to injure Plaintiff's business reputation.

70.     Defendants' incorporation and/or use of a copy, variation, simulation or colorable imitation of the DOVE® Mark in connection with goods not controlled or otherwise subject to Plaintiff's quality control has caused and will likely continue to cause dilution of and/or injury to the reputation of Plaintiff and the DOVE® brands.

71.     By reason of the foregoing, Plaintiff is entitled to injunctive relief under Cal. Bus. & Prof. Code §14247.

72.     Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

73.     Plaintiff re-alleges paragraphs 1 through 72 above and incorporates them by reference as if fully set forth herein.

74.     Defendants' sale and and/or distribution of the Unauthorized Products which are materially different from Plaintiff's DOVE® brand products authorized for sale in the United States may not conform with United States consumer product laws

or regulations for products of this nature and/or may bear labels not printed in English, has caused, will cause and/or is likely to cause substantial harm and/or injury to Unilever's goodwill and reputation unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1.      Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

(a)     importing, distributing, offering for sale and/or selling unauthorized gray market products bearing the DOVE® Mark or authorizing any third party to import, distribute, offer for sale and/or sell unauthorized gray market products bearing the DOVE® Mark;

(b)     making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' Unauthorized Products are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(c)     diluting the distinctive quality of Plaintiff's DOVE® Mark;

(d)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's DOVE® Mark;

(e)     continuing to import, distribute, offer for sale and/or sell unauthorized gray market products bearing the DOVE® Mark; and

(f)     aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (e).

2.      Requiring Defendants to recall immediately any and all Unauthorized Products from all of their distributors, retail establishments or wholesale

DM2\3743364.4

establishments wherever located in the U.S., and to direct all such distributors, retail establishments or wholesale establishments to cease forthwith the distribution or sale of any and all Unauthorized Products and to immediately remove such products from public access.

3.      Directing that Defendants deliver for destruction all Unauthorized Products.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's beauty, skin care and/or personal care products.

5.      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

6.      Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' counterfeiting, trademark infringement, dilution and unfair competition.

7.      Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1107, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

8.      Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

9.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

10.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  December 10, 2012

Respectfully submitted,

DUANE MORRIS LLP

By: _____
    Audra L. Thompson

Gregory P. Gulia (*prospective pro hac vice*)
Vanessa C. Hew (*prospective pro hac vice*)
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

Attorneys for Plaintiff
Conopco, Inc. d/b/a Unilever

DM2\3743364.4

# Exhibit 1

Exhibit 1 - 20

Int. Cl.: 3

Prior U.S. Cl.: 52

**United States Patent and Trademark Office**

Reg. No. 1,698,261
Registered June 30, 1992

## TRADEMARK
### PRINCIPAL REGISTER



CONOPCO, INC. (NEW YORK CORPORATION),
DBA LEVER BROTHERS COMPANY,
390 PARK AVENUE
NEW YORK, NY 10022

FOR: BEAUTY WASH; NAMELY, LIQUID
SOAPS, IN CLASS 3 (U.S. CL. 52).

FIRST USE 10-0-1990; IN COMMERCE
10-0-1990.
OWNER OF U.S. REG. NOS. 587,722, 1,600,255,
AND OTHERS.

SN 74-101,810, FILED 10-1-1990.

LINDA E. BLOHM, EXAMINING ATTORNEY

Exhibit 1 - 21

Int. Cl.: 3

Prior U.S. Cl.: 52

**United States Patent and Trademark Office**  Reg. No. 1,699,679
Registered July 7, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## DOVE

CONOPCO, INC. (NEW YORK CORPORATION),
DBA LEVER BROTHERS COMPANY,
390 PARK AVENUE
NEW YORK, NY 10022

FOR: BEAUTY WASH; NAMELY, LIQUID
SOAPS, IN CLASS 3 (U.S. CL. 52).

FIRST USE 10-0-1990; IN COMMERCE
10-0-1990.
OWNER OF U.S. REG. NOS. 587,722, 1,600,255,
AND OTHERS.

SN 74-101,809, FILED 10-1-1990.

LINDA E. BLOHM, EXAMINING ATTORNEY

Exhibit 1 - 22

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

Reg. No. 2,052,770

**United States Patent and Trademark Office**    Registered Apr. 15, 1997

## TRADEMARK
### PRINCIPAL REGISTER

### DOVE

LEVER    INVESTMENTS    CORPORATION
(DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: TOILET BAR SOAP, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).
FIRST   USE   12–27–1945;   IN   COMMERCE 12–27–1945.

OWNER OF U.S. REG. NOS. 746,360, 1,699,679 AND OTHERS.

SER. NO. 75–114,671, FILED 6–5–1996.

DOMINICK J. SALEMI, EXAMINING ATTOR-NEY

Exhibit 1 - 23

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

Reg. No. 2,413,151

**United States Patent and Trademark Office**

Registered Dec. 12, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## DOVE

CHESEBROUGH-POND'S, INC. (DELAWARE COR-
PORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809 BY MERGER LEVER IN-
VESTMENTS CORPORATION (DELAWARE COR-
PORATION) WILMINGTON, DE 19809

FOR: DEODORANT AND ANTIPERSPIRANT, IN
CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-29-1999; IN COMMERCE
11-29-1999.

OWNER OF U.S. REG. NOS. 746,360, 2,052,770,
AND OTHERS.

SN 75-689,955, FILED 4-23-1999.

TRICIA SONNEBORN, EXAMINING ATTORNEY

Exhibit 1 - 24

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,517,212
Registered Dec. 11, 2001

## TRADEMARK
### PRINCIPAL REGISTER



CHESEBROUGH-POND'S INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: BEAUTY BAR SOAP, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 12-1-2000; IN COMMERCE 12-1-2000.

OWNER OF U.S. REG. NOS. 1,600,255, 2,413,151 AND OTHERS.

THE STIPPLING IN THE DRAWING IS FOR TONE AND CONTRAST ONLY AND NOT TO INDICATE ANY SPECIFIC COLOR.

SER. NO. 76-209,418, FILED 2-13-2001.

DAVID C. REIHNER, EXAMINING ATTORNEY

Exhibit 1 - 25

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,534,236
Registered Jan. 29, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## DOVE

CHESEBROUGH-POND'S INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: BEAUTY BAR SOAP, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 12-27-1945; IN COMMERCE 12-27-1945.

OWNER OF U.S. REG. NOS. 746,360, 2,453,222 AND OTHERS.

SER. NO. 76-280,777, FILED 7-5-2001.

DAVID C. REIHNER, EXAMINING ATTORNEY

Exhibit 1 - 26

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

Reg. No. 2,570,018

## United States Patent and Trademark Office

Registered May 14, 2002

### TRADEMARK
### PRINCIPAL REGISTER



CHESEBROUGH-POND'S INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: NON-MEDICATED TOWELETTES IMPREGNATED WITH SKIN CLEANSERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 2-4-2001; IN COMMERCE 2-4-2001.

OWNER OF U.S. REG. NOS. 746,360, 2,453,222 AND OTHERS.

THE STIPPLING IN THE DRAWING IS FOR TONE AND CONTRAST ONLY AND NOT TO INDICATE ANY SPECIFIC COLOR.

SER. NO. 76-293,380, FILED 8-1-2001.

DAVID C. REIHNER, EXAMINING ATTORNEY

Exhibit 1 - 27

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 2,610,422
Registered Aug. 20, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## DOVE

CHESEBROUGH-POND'S INC. (DELAWARE
CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: PRE-MOISTENED NON-MEDICATED COS-
METIC TOWELETTES FOR ALL OVER BODY
FRESHENING, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 12-17-2001; IN COMMERCE 12-17-2001.

OWNER OF U.S. REG. NOS. 746,360, 2,052,770,
AND OTHERS.

SN 76-062,726, FILED 6-5-2000.

WILLIAM JACOBI, EXAMINING ATTORNEY

Exhibit 1 - 28

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

United States Patent and Trademark Office

Reg. No. 2,764,807
Registered Sep. 16, 2003

TRADEMARK
PRINCIPAL REGISTER

## DOVE

CHESEBROUGH-POND'S INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: NON-MEDICATED TOWELETTES IM-PREGNATED WITH SKIN CLEANSERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 2-4-2001; IN COMMERCE 2-4-2001.

OWNER OF U.S. REG. NOS. 205,770, 1,699,679, AND OTHERS.

SN 76-138,047, FILED 9-29-2000.

DAVID C. REIHNER, EXAMINING ATTORNEY

Exhibit 1 - 29

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

## United States Patent and Trademark Office

Reg. No. 2,803,161

Registered Jan. 6, 2004

### TRADEMARK
### PRINCIPAL REGISTER

## DOVE

CHESEBROUGH-POND'S INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: FACIAL SKIN MOISTURIZERS, FACIAL SKIN TONER, FACIAL CLEANSERS AND NON-MEDICATED CLEANSING PADS IMPREGNATED WITH SKIN CLEANSERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6-30-2003; IN COMMERCE 6-30-2003.

OWNER OF U.S. REG. NOS. 746,360, 2,534,236, AND OTHERS.

SN 76-368,311, FILED 2-7-2002.

DAVID C. REIHNER, EXAMINING ATTORNEY

Exhibit 1 - 30

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

Reg. No. 2,817,975

United States Patent and Trademark Office

Registered Feb. 24, 2004

Amended

OG Date Apr. 27, 2010

TRADEMARK
PRINCIPAL REGISTER



UNILEVER SUPPLY CHAIN, INC. (DE-
LAWARE CORPORATION)
1 JOHN STREET
CLINTON, CT 06413

FOR: NON-MEDICATED DISPOSABLE
CLOTHS IMPREGNATED WITH
CLEANSERS FOR BODY CLEANSING,
IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 12-17-2001; IN COMMERCE
12-17-2001.

SER. NO. 76-329,156, FILED 10-24-2001.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Apr. 27, 2010.*

Exhibit 1 - 31

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,052,892

Registered Jan. 31, 2006

### TRADEMARK
### PRINCIPAL REGISTER

# DOVE

CHESEBROUGH-POND'S INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: HAIR CARE PRODUCTS NAMELY, HAIR SPRAY, HAIR GEL, STYLING CREAM, ANTI-FRIZZ CREAM AND MOUSSE, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 12-15-2004; IN COMMERCE 12-15-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,765,158.

SER. NO. 76-630,744, FILED 2-8-2005.

LINDA ESTRADA, EXAMINING ATTORNEY

Exhibit 1 - 32

# Exhibit 2

Exhibit 2 - 33

Dove® Skin Care, Hair Care, Body Cleansers, Lotions & Beauty Tips



BECOME A DOVE INSIDER   Register   Log In



PRODUCTS    TIPS, TOPICS & TOOLS    SOCIAL MISSION    OFFERS    SEARCH





PRODUCTS

Have a
**Favorite?**
Rate it»

MEN+CARE

Help Your
Football Fan
**Win Big»**

NO PURCHASE
NECESSARY
See Official Rules



SELF-ESTEEM

# Let's Talk:
Beauty. Confidence.
Self-Esteem. »

Dove® Asks

What pose do you strike when you're feeling fab?
Flaunt it with Dove® go sleeveless



HOME

**PRODUCTS**
Bar/Body Wash
Deodorant
Hair
Lotions
Men+Care

**TIPS, TOPICS & TOOLS**
Articles & Advice
Dove-D Science
Videos
Games & Quizzes

**SOCIAL MISSION**
Our Vision
Self-Esteem Toolkit & Resources
Your Purchase Counts
Our Partners

**OFFERS**
Latest Offers
Dove Insider

**ABOUT DOVE**
Store Locator
Contact Us
Countries

**FOR
HEALTHCARE
PROFESSIONALS**

© 2012 UNILEVER    Privacy Policy    Terms of Use

View Mobile Site

This web site is intended only to U.S. consumers for products and services of Unilever United States. This web site is not directed to consumers outside of the U.S.



Exhibit 2 - 35



Exhibit 2 - 36



Exhibit 2 - 37



Exhibit 2 - 38



Exhibit 2 - 39



Exhibit 2 - 40



Exhibit 2 - 41



Exhibit 2 - 42



Exhibit 2 - 43



Exhibit 2 - 44

Audra L. Thompson (SBN 218479)
DUANE MORRIS LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Telephone:  (213) 689-7400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CONOPCO, INC. d/b/a UNILEVER,<br><br>PLAINTIFF(S)<br><br>v.<br><br>P.E. RUBALOFF CO., INC., KAREN RUBALOFF and PHILLIP RUBALOFF<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-10591** PJW<br><br><br>**SUMMONS** |
|---|---|

TO:   DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Audra L. Thompson_____, whose address is _Duane Morris LLP, 865 S. Figueroa St., Suite 3100 Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: DEC 1 1 2012

Clerk, U.S. District Court

By: _____
    JULIE PRADO
    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Conopco, Inc. d/b/a Unilever | P.E. Rubaloff Co., Inc., Karen Rubaloff and Phillip Rubaloff |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Audra L. Thompson (SBN 218479)<br>Duane Morris LLP<br>865 S. Figueroa St., Suite 3100, Los Angeles, CA 90071-5450 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No       ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal trademark dilution, trademark infringement, unfair competition, deceptive trade practices, dilution and injury to business reputation, et. al.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-10591

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Bergen County, New Jersey |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     **Date** December 10, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |