Audra L. Thompson (SBN 218479)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
E-mail: AThompson@duanemorris.com

Gregory P. Gulia *(admitted pro hac vice)*
Vanessa C. Hew *(admitted pro hac vice)*
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
E-mail: GPGulia@duanemorris.com
         VCHew@duanemorris.com

Attorneys for Plaintiff
Conopco, Inc. d/b/a Unilever

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONOPCO, INC. d/b/a UNILEVER<br><br>    Plaintiff,<br><br>    v.<br><br>P.E. RUBALOFF CO., INC., KAREN RUBALOFF and PHILLIP RUBALOFF<br><br>    Defendants. | Case No.: 2:12-cv-10591-JAK-JC<br><br>DISCOVERY MATTER<br><br>**JOINT RULE 16(b) REPORT**<br><br>Date: June 24, 2013<br>Time: 01:30 p.m.<br>Judge: Hon. John A. Kronstadt<br>Courtroom: 750<br><br>Date Complaint Filed: 12/11/2012 |

Plaintiff Conopco, Inc. d/b/a Unilever (hereinafter, "Unilever" or "Plaintiff") and Defendants P.E. Rubaloff Co., Inc. a/k/a Soap Man, Karen Rubaloff and Phillip Rubaloff (collectively the "Defendants"), by and through their respective counsel, submit this report and plan pursuant to Rule 16(b) and this Court's Initial Standing Order dated January 25, 2013.  Plaintiff and Defendants (collectively, the "Parties")

reserve the right to supplement the Rule 16(b) Report as may be warranted upon the discovery of additional facts and other information in discovery.

## RULE 16(b) Topics

### A. STATEMENT OF THE CASE

#### 1. Plaintiff's Claims

This is an action for trademark counterfeiting, trademark infringement, trademark dilution and unfair competition with respect to Plaintiff's federally registered and famous DOVE® trademarks (collectively, the "DOVE® Mark") in connection with beauty, skin care and other personal care products.

Plaintiff owns the exclusive trademark rights to DOVE®. Plaintiff holds numerous federal trademark registrations on the Principal Register of the United States Patent and Trademark Office for the DOVE® Mark for a vast and diverse assortment of skin and other beauty care products. The DOVE® Mark has acquired enormous value and is famous nationwide as a result of Plaintiff's investment of labor and many millions of dollars in advertising, promoting, marketing and developing Plaintiff's DOVE® Mark and the products and services sold thereunder. In particular, the volume of sales of goods under the DOVE® Mark in the United States has been enormous and customers expect high quality when purchasing DOVE® brand products.

Defendants import market, distribute, supply and sell products bearing the DOVE® Mark, which are not intended for sale in the United States and are materially different from the authentic goods that are authorized by Plaintiff for sale in the United States market (hereinafter "Unauthorized Products").

Plaintiff contends that Defendants' actions constitute trademark counterfeiting, federal trademark infringement, trademark dilution and unfair competition under Sections 32(1), 43(c) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(c) and 1125(a), as well as substantial and related claims of

unfair competition and dilution under the state and common laws of the State of California.

Plaintiff seeks damages and injunctive relief.

**2.     Counterclaims**

Defendants have not asserted any counterclaims.

**3.     Affirmative Defenses**

Defendants have asserted the affirmative defenses of estoppel, laches, acquiescense and waiver based on the fact that Plaintiff first objected to the acts of Defendants which are the subject of the present complaint over three (3) years before commencing this action. At that time, Defendants' counsel explained to Plaintiff''s attorneys what Defendant was doing and why it did not infringe Plaintiff's rights. Plaintiff did not respond to Defendant's denial of wrongdoing. In view thereof, Defendant, P.E. Rubaloff Co., Inc. ("Rubaloff") continued to distribute the accused products but would have stopped doing so to avoid a lawsuit. In this regard, upon receipt of the present Complaint and pursuant to communications with Plaintiff's attorneys, Rubaloff has voluntarily ceased all sales of the accused products; issued a recall of the products and produced all of its sales data to Plaintiff. In view thereof, the principles of equity bar a monetary recovery.

Defendants have also asserted that Plaintiff's attempts to bar Defendants from re-selling Plaintiff's products which Rubaloff has lawfully purchased in the United States constitutes unclean hands which bars the relief which Plaintiff seeks.

**B.     SUBJECT MATTER JURISDICTION**

The Court has jurisdiction over this proceeding pursuant to Section 39 of the Lanham Act, 15 U.S.C. §§ 1121, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b), and under principles of supplemental jurisdiction. Venue properly lies in this District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and § 1391(c), because Defendants P.E. Rubaloff Co., Inc. a/k/a

Soap Man ("P.E. Rubaloff"), Karen Rubaloff and Phillip Rubaloff do business in and/or have substantial contacts with and/or may be found in the Central District of California, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district. Defendants market, distribute, supply and sell the Unauthorized Products through third-party distributors and retailers, throughout the United States, including but not limited to, in the state of California. Defendants should reasonably expect their infringing activities to have consequences in the state of California, and derive substantial revenue from interstate commerce. In addition, Defendants are all residents of the State of California and operate their business and import, distribute and sell the products at issue in this litigation in the State of California. Defendants may reasonably anticipate being brought into a California court. This Court has personal jurisdiction over Defendants because, upon information and belief, they reside and operate their business in the State of California and purposefully availed themselves of the laws of California by actively controlling and/or directing, in whole or in part, the infringing activities and operations complained of herein.

**C.    LEGAL ISSUES**

This is an action for trademark counterfeiting, trademark infringement, trademark dilution and unfair competition with respect to Plaintiff's federally registered and famous DOVE® Mark. The action arises out of Defendants' unauthorized past, current and planned importation, distribution, offering for sale and/or sale of products bearing the DOVE® trademarks, which are not intended for sale in the United States and are materially different from the authentic DOVE® products that are authorized by Plaintiff for sale in the United States market. Defendants' Unauthorized Products violate Plaintiff's longstanding and extensive rights in the use of its famous DOVE® Mark in connection with beauty, skin care and other personal care products.

Defendants have asserted the affirmative defenses of estoppel, laches, acquiescense and waiver based on the fact that Plaintiff first objected to the acts of Defendants which are the subject of the present complaint over three (3) years before commencing this action. At that time, Defendants' counsel explained to Plaintiff's attorneys what Defendant was doing and why it did not infringe Plaintiff's rights. Plaintiff did not respond to Defendant's denial of wrongdoing. In view thereof, Defendant, P.E. Rubaloff Co., Inc. ("Rubaloff") continued to distribute the accused products but would have stopped doing so to avoid a lawsuit. In view thereof, the principles of equity bar a monetary recovery.

Defendants have also asserted that Plaintiff's attempts to bar Defendants from re-selling Plaintiff's products which Rubaloff has lawfully purchased in the United States constitutes unclean hands which bars the relief which Plaintiff seeks.

D. **PARTIES, AND NON-PARTY WITNESSES/KEY DOCUMENTS ON THE CORE ISSUES OF THE CASE:**

1. As currently advised, percipient witnesses in this litigation include:
   a. For Plaintiff:

| | | |
|---|---|---|
| Karen Rubaloff | Co-owner and registered agent of P.E. Rubaloff Co., Inc. | To Be Contact Through Defendants' Counsel |
| Phillip Rubaloff | Co-owner and registered agent of P.E. Rubaloff Co., Inc. | To Be Contact Through Defendants' Counsel |
| Kimberly Strokes | Region Sales Manager, Southern California at Unilever | To Be Contact Through Plaintiff's Counsel |
| Andrew Hotchkiss | Associate Region Sales Manager, Southern California at Unilever | To Be Contact Through Plaintiff's Counsel |
| Glenn Mead | Retail Development Manager at Unilever | To Be Contact Through Plaintiff's Counsel |

| Vinit Patel | Director of Sales - West Division at Unilever | To Be Contact Through Plaintiff's Counsel |
|---|---|---|
| Russel Lilly | Marketing Director at Unilever | To Be Contact Through Plaintiff's Counsel |

b.  For Defendants:

| Phillip Rubaloff | | |
|---|---|---|
| Representatives of Plaintiff | | |
| | | |
| | | |

2.  As presently advised, key documents in this litigation include:

a.  For Plaintiff:

| |
|---|
| Documents regarding Plaintiff's marketing, distribution, sale, advertising and promotion of the DOVE® Mark |
| Trademark Registration Certificates for the DOVE® Mark |
| Documents regarding Plaintiff's products |
| Documents regarding Plaintiff's products' packaging and labeling |
| Documents regarding Plaintiff's products' distribution |
| Documents regarding Plaintiff's damages arising from Defendants' infringing activities |
| Documents regarding Defendants' unauthorized sale, advertisement or marketing of any Unauthorized Products bearing the DOVE® Mark |
| Documents regarding Defendants' unauthorized repackaging and relabeling of any Unauthorized Products bearing the DOVE® Mark |
| Documents regarding Defendants' unauthorized use of the DOVE® Mark |

| |
|---|
| Documents regarding Defendants' sales and profits |
| Documents regarding Defendants' purchase of the Unauthorized Products |

b. For Defendants:

| |
|---|
| The accused products |
| Correspondence from and to Plaintiff's attorney |
| |
| |
| |
| |
| |
| |

**E. DAMAGES:**

Under trademark law, injury is presumed from the mere likelihood of confusion because infringement places the owner's reputation, and that of its goods and services, beyond its control. The Parties have not yet engaged in discovery. Accordingly, a determination regarding the probable range of damages is not possible until the Parties obtain evidence and information from discovery procedures.

As for Plaintiff's entitlement to damages, see Defendant's discussion of legal issues and affirmative defenses above.

**F. INSURANCE:**

None.

**G. MOTIONS:**

Plaintiff has recently discovered that Defendants are infringing Plaintiff's CARESS® and LEVER 2000® trademarks. Plaintiff intends to seek the Court's leave to amend the complaint to include these additional claims.

**H.  MANUAL FOR COMPLEX LITIGATION**:

The Parties do not believe this is a complex case or that the Manual for Complex Litigation should be utilized.

**I.  STATUS OF DISCOVERY:**

At this time, the Parties have not exchanged written discovery requests. The Parties have agreed to make their respective initial disclosures pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A) on or before June 24, 2013.

Although no formal discovery has taken place to date, Rubaloff has produced all of its sales documents relating to the accused goods in response to a demand from Plaintiffs' attorney, who ostensibly made this demand to facilitate settlement of this case.

**J.  DISCOVERY PLAN:**

   1.  **RULE 26(f)(2): Discovery Needed by Plaintiff**

       a.  **Written Discovery**

As presently advised, Plaintiff anticipates written discovery requests, including requests for admission, document requests, and written interrogatories, will be required on the following issues among others: (1) evidence regarding Defendants' violations of Plaintiff's DOVE® Mark and the nature and length of time of such activities; (2) Defendants' purchase, importation, marketing, distribution, and/or promotion of the Unauthorized Products; (3) Defendants' Unauthorized Products bearing the DOVE® Mark, including but not limited to their product packaging, labeling and/or compliance with the Food and Drug Administration; and (4) Defendants' revenue and profits realized as a result of Defendants' violation of Unilever's intellectual property rights.

       b.  **Depositions**

In addition, Plaintiff anticipates deposing the witnesses pursuant to Rule 30(b)(6) as to the above mentioned topics, as well as Karen Rubaloff and Phillip Rubaloff.

**2.    Rule 26(f)(2): Discovery Needed by Defendants**

Defendants anticipate posing interrogatories, requests for admissions and for production of documents, and depositions concerning Plaintiff's allegations.

**3.    Rule 26(f)(3): Limitations on Discovery**

At this time, the Parties do not anticipate that any changes to or limitations of the discovery procedures, as set forth in the Federal Rules, will be necessary.

**4.    Rule 26(f)(3): Issues Regarding Electronic Discovery**

Because the Parties' communications and records are mostly in paper form, the Parties expect that relatively little discoverable information is in electronic form, and that given the size of this dispute, electronic discovery may not be warranted in this matter.  To the extent that any discoverable information is in electronic form, the Parties agree to take reasonable steps to preserve electronically stored information and that electronically stored information will be produced as follows: (a) as scanned copies of the electronically stored information; or (b) as hard copies of the electronically stored information; or (c) by any other method later agreed upon by the Parties.

**5.    Other Orders Pursuant to Rule 26(f)(4)**

The Parties anticipate that various confidential proprietary and financial documents and other information and materials will be produced in connection with discovery.  The Parties expect to submit a Stipulated Protective Order under Rule 26(c) for review and approval by the Court.

**6.    Proposed Deadlines**

<u>See</u> Schedule of Pretrial and Trial Dates attached as Exhibit A.

**K.    DISCOVERY CUT-OFF:**

The Parties propose that the non-expert discovery cut−off date be January 27, 2014.

**L.  EXPERT DISCOVERY**:

The Parties propose the following dates for expert witness disclosures (initial and rebuttal) and expert discovery cut−off : Monday February 3, 2014, Monday March 3, 2014 and March 24, 2014.

**M.  DISPOSITIVE MOTIONS:**

Motions *in limine* may be appropriate as evidentiary issues develop.

There are no contemplated motions at this time, but they may appear as discovery progresses.  Proposed motion cut-off date is March 24, 2014.

**N.  SETTLEMENT:**

The Parties have participated in telephone conferences and exchanged documents regarding settlement.  A settlement agreement has been drafted and the Parties have engaged in settlement negotiations but failed to settle and resolve all disputes and claims arising from all transactions and occurrences that form the basis of the Civil Action.  In addition, Plaintiff has recently discovered new facts regarding additional infringements by Defendants and intends to seek the Court's leave to amend the Complaint in this Civil Action.  The parties select ADR Procedure No. 1.  The parties shall appear before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct.

**O.  TRIAL ESTIMATE:**

Plaintiff anticipates that the jury trial will last 3-4 days.  The proposed number of witnesses is currently unknown.

**P.  TRIAL COUNSEL:**

The attorney(s) who will try the case for Plaintiff are Audra L. Thompson, Duane Morris LLP, 865 S. Figueroa St., Suite 3100, Los Angeles, CA 90017-5450, Gregory P. Gulia *(admitted pro hac vice)* and Vanessa C. Hew *(admitted pro hac vice)* Duane Morris LLP, 1540 Broadway, New York, New York 10036-4086.  Lead trial counsel for Plaintiff is Gregory P. Gulia.

The attorneys who will try the case for Defendants are Edward R. Schwartz, David A. Dillard and Thomas J. Daly, Christie, Parker & Hale, LLP, 655 N. Central Avenue, Glendale, California 91203. Lead trial counsel for Defendants is Edward R. Schwartz.

**Q.     INDEPENDENT EXPERT OR MASTER:**

The Parties do not believe that an independent expert or special master is necessary in this matter.

**R.     TIMETABLE:**

The Parties propose that trial be held on or around Tuesday May 20, 2014, with the Pretrial Conference on or about Monday May 5, 2014.

See Schedule of Pretrial and Trial Dates attached as Exhibit A.

**S.     OTHER ISSUES:**

None known at this time.

**T.     PATENT CASES:**

N/A.

**U.     IDENTITY OF ALL CORPORATE SUBSIDIARIES, PARENTS AND AFFILIATES**

Plaintiff Conopco, Inc. d/b/a Unilever is an indirect subsidiary of Unilever N.V. and Unilever PLC, both of which are publicly traded companies.

**V.     DO THE PARTIES WISH TO HAVE A MAGISTRATE JUDGE PRESIDE?**

The Parties do not wish to have a Magistrate Judge preside over all the proceedings.

| | | |
|---|---|---|
| 1 | Respectfully Submitted,<br>Dated: June 17, 2013 | **DUANE MORRIS LLP** |
| 2 | | |
| 3 | | By:   s/ Audra L. Thompson   <br>      Audra L. Thompson (SBN 218479) |
| 4 | | 865 S. Figueroa St., Suite 3100<br>Los Angeles, CA 90017-5450 |
| 5 | | Telephone: (213) 689-7400<br>Facsimile: (213) 689-7401 |
| 6 | | |
| 7 | | and |
| 8 | | Gregory P. Gulia(admitted *pro hac vice*)<br>Vanessa C. Hew (admitted *pro hac vice*) |
| 9 | | 1540 Broadway |
| 10 | | New York, New York 10036-4086<br>Telephone: (212) 692-1000 |
| 11 | | Facsimile: (212) 692-1020 |
| 12 | | Email address:GPGulia@duanemorris.com<br>                    VCHew@duanemorris.com |
| 13 | | |
| 14 | | Attorneys for Plaintiff<br>Conopco, Inc. d/b/a Unilever |
| 15 | | |
| 16 | Dated: June 17, 2013 | **CHRISTIE PARKER HALE LLP** |
| 17 | | By:   s/ Edward R. Schwartz   |
| 18 | | Edward R. Schwartz (SBN 147553)<br>655 N Central Ave #2300 |
| 19 | | Glendale, California 91203 |
| 20 | | Telephone: (626) 795-9900<br>Facsimile: (626) 577-8800 |
| 21 | | Email address:Edward.Schwartz@cph.com |
| 22 | | |
| 23 | | Attorneys for Defendants<br>P.E. Rubaloff Co., Inc., Karen Rubaloff and |
| 24 | | Phillip Rubaloff |
| 25 | ( | |
| 26 | | |
| 27 | | |
| 28 | | |