# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONOPCO, INC. d/b/a UNILEVER<br><br>Plaintiff,<br><br>v.<br><br>P.E. RUBALOFF CO., INC., KAREN RUBALOFF and PHILLIP RUBALOFF<br><br>Defendants. | Case No. CV12-10591 JAK(JCx) |

## CONSENT JUDGMENT

WHEREAS, this action was commenced on December 11, 2012 by the filing of the Summons and Complaint, copies of the Summons and Complaint having been duly served on the defendants; and

WHEREAS, in the Complaint, Plaintiff Unilever seeks injunctive relief and monetary damages against defendants P.E. Rubaloff Co., Inc., Karen Vondra (sued as Karen Rubaloff) and Phillip Rubaloff (collectively, "Defendants") for various claims of federal counterfeiting, trademark infringement, unfair competition and dilution and various related claims under California state law and the common law.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

A. Defendants, any entities controlled by any of Defendants, in whole or part, their agents, servants, employees, and attorneys and any person(s) or entities acting in concert or participation with any of them, shall:

(1) permanently cease all use of the DOVE®, CARESS®, LEVER 2000®, LUX®, and other Unilever trademarks, or any name, mark, or domain name that incorporates DOVE, CARESS, LEVER 2000, LUX or other Unilever trademarks or any name, mark or domain name that is confusingly similar to the DOVE®, CARESS®, LEVER 2000®, LUX®, or other Unilever trademarks for any goods or services throughout the world;

(2) permanently cease all sale, distribution, delivery, importation, marketing, advertising and promotion of any DOVE®, CARESS®, LEVER 2000®, LUX® or other Unilever branded products not intended by Plaintiff for sale in the United States or Canada;

(3) permanently cease all sale, distribution, delivery, importation, marketing, advertising and promotion of any DOVE®, CARESS®, LEVER 2000®, LUX® or other Unilever branded products re-packaged by Defendants; and

(4) permanently cease all sale, distribution, delivery, importation, marketing, advertising and promotion of any DOVE®, CARESS®, LEVER 2000®, LUX® or other Unilever branded products in which Unilever's universal product codes have been removed;

(5) within 48 hours of this Consent Judgment, provide written notice to each and every warehouse, distributor, store and entity to whom Defendants sold or distributed any unauthorized gray market or re-packaged DOVE®, CARESS®, LEVER 2000®, LUX® or other Unilever branded products (collectively the "Unauthorized Products"), providing the universal product codes of all Unauthorized Products and stating the following:

///
///

> Please be advised that due to a court approved settlement, we request that you remove the following DOVE®, CARESS®, LEVER 2000®, LUX® and other Unilever branded products with the following universal product codes, which we sold to you, from your store shelves and cease all sales of these products. We will pick up any remaining inventory of these products within 30 days. Thank you for your compliance.

and   (6)   provide to Unilever a copy of all correspondence between Defendants and any other entity regarding the purchase, sale, manufacturing, distribution, shipment or delivery of the Unauthorized Products;

(7)   within 30 days of the date of this Consent Judgment, recall any Unauthorized Products and deliver the Unauthorized Products to Unilever for destruction.

B.   Defendants are ordered to deliver to Unilever an affidavit sworn under penalty of perjury:

(1)   representing and warranting that Defendants do not have in storage or in their inventories any Unauthorized Products, and that no further shipments of such products of any Unauthorized Products are expected;

(2)   identifying all products and other materials sold, distributed, advertised or promoted by Defendants which incorporate the DOVE®, CARESS® and/or LEVER 2000®, LUX® or any other Unilever trademarks;

(3)   identifying Defendants' sales and profits realized in connection with the Unauthorized Products;

(4)   listing each and every warehouse, distributor, store and entity to whom they sold or distributed the Unauthorized Products or any other products or materials incorporating any intellectual property belonging to Unilever and/or any of its direct or indirect parents, subsidiaries, affiliates and/or related companies;

(5)   listing each and every manufacturer, distributor, store, entity or individual from whom Defendants purchased or obtained the Unauthorized Products or any other products or materials incorporating any intellectual property belonging to

1  Unilever and/or any of their direct or indirect parents, subsidiaries, affiliates and/or
2  related companies; and
3      (6)  providing the identity and contact information of any third parties selling
4  the Unauthorized Products.
5      C.  The foregoing provisions of Paragraphs A and B do not apply to
6  DOVE®, CARESS®, LEVER 2000®, LUX® or other Unilever branded products
7  which are intended by Plaintiff for sale in the United States and which have not been
8  repackaged or otherwise modified by Defendants.
9      D.  In the event any of the Defendants fail(s) to comply with any provision or
10 term of this Settlement Agreement, the Defendants shall pay, jointly and severally,
11 Plaintiff's attorney's fees and costs incurred in enforcing this Consent Judgment plus
12 an amount equal to $100,000 per violation to Unilever, which the Defendants hereby
13 acknowledge is not a penalty, but is instead a reasonable forecast of and to
14 compensate Unilever for probable damages. Defendants also hereby acknowledge
15 that such $100,000 per violation payment shall not limit Unilever from seeking its
16 actual damages to the extent Unilever reasonably believes its actual damages exceed
17 $100,000.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants irrevocably consent to the exclusive jurisdiction of and venue in this Court, that this Court retains jurisdiction to resolve any disputes between the parties.

| CONOPCO, INC. | P.E. RUBALOFF CO., INC |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: Rosemary B. Orr | Name: Phillip Rubahoff |
| Title: Assistant Secretary | Title: Vice President |
| Date: 8/22/2013 | Date: 8/21/2013 |
| PHILLIP RUBALOFF | KAREN VONDRA (sued as Rubaloff) |
| *[signature]* | *[signature]* |
| Date: 8/21/2013 | Date: 8-21-13 |

Los Angeles, California
_____, 2013

HONORABLE JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

DM2\4431897.1

5